**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard R. Christman,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BE's Refreshments,<br><br>　　　　Defendant. | No. CV-24-03189-PHX-JJT<br><br>**ORDER** |

　　　At issue is Defendant BE's Refreshments' Motion to Dismiss and Alternatively Motion to Transfer Venue (Doc. 7, Mot.), to which Plaintiff Richard R. Christman filed a Response (Doc. 15, Resp.), and Defendant filed a Reply (Doc. 17, Reply). The Court has reviewed the parties' briefs and finds these matters appropriate for decision without oral argument. *See* LRCiv 7.2(f).

　　　Plaintiff is an Arizona resident and business acquisition consultant. (Doc. 1 at 9–22, Compl. at 1.) Defendant is a Wisconsin-based corporation that provides refreshment and coffee services throughout the Northeast Wisconsin area. (Doc. 17-1, Eggener Decl. at 1.) In his Complaint, Plaintiff raises claims of Breach of Contract; Breach of the Implied Covenant of Good Faith and Fair Dealing; Fraud – Promise without Intent to Perform; Declaratory Relief; Unjust Enrichment; Promissory Estoppel; and Negligent Misrepresentation. (Compl. at 3–11.) Defendant has moved to dismiss for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), respectively. (Mot. at 1.) In the alternative, Defendant has requested that the

Court transfer this action to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404 or § 1406. (Mot. at 1.)

## I. LEGAL STANDARD

### A. Personal Jurisdiction

For a federal court to adjudicate a matter, it must have jurisdiction over the parties. *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). The party bringing the action has the burden of establishing that personal jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). When a defendant moves, prior to trial, to dismiss a complaint for lack of personal jurisdiction, the plaintiff must "'come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'" *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)).

Because there is no statutory method for resolving the question of personal jurisdiction, "the mode of determination is left to the trial court." *Data Disc,* 557 F.2d at 1285. Where, as here, a court resolves the question of personal jurisdiction upon motions and supporting documents, the plaintiff "must make only a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss." *Id.* In determining whether the plaintiff has met that burden, the "uncontroverted allegations in [the plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

To establish personal jurisdiction over a nonresident defendant, a plaintiff must show that the forum state's long-arm statute confers jurisdiction over the defendant and that the exercise of jurisdiction comports with constitutional principles of due process. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). Arizona's long-arm statute allows the exercise of personal jurisdiction to the same extent as the

1  United States Constitution. *See* Ariz. R. Civ. P. 4.2(a); *Cybersell v. Cybersell*, 130 F.3d
2  414, 416 (9th Cir. 1997); *A. Uberti & C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995)
3  (stating that under Rule 4.2(a), "Arizona will exert personal jurisdiction over a nonresident
4  litigant to the maximum extent allowed by the federal constitution"). Thus, a court in
5  Arizona may exercise personal jurisdiction over a nonresident defendant so long as doing
6  so accords with constitutional principles of due process. *Cybersell*, 130 F.3d at 416.

7        Due process requires that a nonresident defendant have sufficient minimum contacts
8  with the forum state so that "maintenance of the suit does not offend 'traditional notions of
9  fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)
10 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *see also Data Disc,* 557 F.2d at
11 1287. Courts recognize two bases for personal jurisdiction within the confines of due
12 process: "(1) 'general jurisdiction' which arises when a defendant's contacts with the
13 forum state are so pervasive as to justify the exercise of jurisdiction over the defendant in
14 all matters; and (2) 'specific jurisdiction' which arises out of the defendant's contacts with
15 the forum state giving rise to the subject litigation." *Birder v. Jockey's Guild, Inc.*, 444 F.
16 Supp. 2d 1005, 1008 (C.D. Cal. 2006).

17     **B.**     **Venue**

18       Under 28 U.S.C. § 1391, except as otherwise provided by law, venue is proper in
19 "(1) a judicial district in which any defendant resides, if all defendants are residents of the
20 State in which the district is located, (2) a judicial district in which a substantial part of the
21 events or omissions giving rise to the claim occurred, or a substantial part of property that
22 is the subject of the action is situated, or (3) if there is no district in which an action may
23 otherwise be brought as provided in this section, any judicial district in which any
24 defendant is subject to the court's personal jurisdiction with respect to such action."
25 28 U.S.C. § 1391(a)–(b). When venue is improper, the court shall dismiss the action or, in
26 the interests of justice, may transfer such case to any district or division in which it could
27 have been brought. 28 U.S.C. § 1406(a).
28

### C. Fed. R. Civ. P. 15

A party may amend a pleading once as a matter of course within 21 days after serving it, or within 21 days of service of, among others, a Rule 12(b)(2) motion. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Although the decision whether to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the policy in favor of allowing amendments is subject to limitations. After a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citation and internal quotation marks omitted). "A district court does not err in denying leave to amend . . . where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Such futility can, by itself, justify denial of a motion for leave to amend. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

## II. ANALYSIS

### A. General Jurisdiction

Defendant first argues that it is not subject to general personal jurisdiction in Arizona. (Mot. at 4–5.) Defendant contends that "Plaintiff has not alleged any . . . continuous and systematic activities in Arizona" to meet general jurisdiction standards and that it "does not conduct any business in Arizona." (Mot. at 4–5.) It asserts that the Complaint contains no allegations of such activity, and any claims made in Plaintiff's Response lack affidavit support. (Reply at 3.) Conversely, Plaintiff alleges that "BE's operates nationwide and . . . does business with Arizona-based customers" such that Defendant is rendered "essentially at home" in Arizona. (Resp. at 2, 4.)

General jurisdiction exists where a defendant's activities within a state are "so substantial" or "continuous and systematic" that they essentially "render the corporation at

home in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.20 (2014). However, the inquiry is not based "solely on the magnitude of the defendant's in-state contacts." *Id.* Instead, general jurisdiction "calls for an appraisal of a corporation's activities in their entirety." *Id.* Ultimately, "a corporation that operates in many places can scarcely be deemed at home in all of them." *Id.*

Plaintiff's assertions regarding Defendant's activities in Arizona are conclusory and unsupported by the facts. The Complaint contains no specific allegations of Defendant's continuous and systematic activities in Arizona, and Plaintiff has failed to submit any affidavits or other evidence to substantiate his claims of Defendant's contacts when challenged by Defendant. For its part, Defendant has submitted a sworn Declaration from its owner, Joe Eggener, establishing that BE's is a Wisconsin corporation that conducts no business in Arizona, maintains no physical presence in Arizona, and has no employees or property in the State. (Eggener Decl. at 1–2.) Eggener further affirms that BE's' franchise agreement restricts its operations to Wisconsin and Upper Michigan. (Eggener Decl. at 1–2.)

Moreover, Plaintiff's bare allegations that BE's conducts business with Arizona-headquartered Republic, PetSmart, and Carvana (*see* Resp. at 2, 4) cannot satisfy general jurisdiction's exacting standard. Even if true, such limited business relationships would not render BE's "essentially at home" in Arizona. The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business. *Daimler*, 571 U.S. at 137. "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014).

Here, BE's is incorporated in Wisconsin with its principal place of business in Green Bay, Wisconsin. (Mot. at 8.) Plaintiff has failed to demonstrate that this is an "exceptional case" warranting the exercise of general jurisdiction beyond the paradigmatic forums. The record before the Court falls far short of establishing the substantial, continuous, and

1 systematic contacts necessary to render BE's "at home" in Arizona. Therefore, the Court
2 lacks general jurisdiction over Defendant.

### B. Specific Jurisdiction

Defendant also asserts that it is not subject to specific jurisdiction in Arizona. (Mot. at 5–8.) Defendant contends that its only alleged contact with Arizona related to this case was a single phone call with Plaintiff, (Mot. at 6), and that BE's was unaware at the time that Plaintiff was located in Arizona. (Reply at 5.) In response, Plaintiff contends that BE's purposefully availed itself of the privilege of conducting activities in Arizona by knowingly reaching out to Plaintiff in Arizona to solicit his consulting services. (Resp. at 6–7.) Plaintiff also states that his claims do, in fact, arise from BE's forum-related activities because BE's knew Plaintiff would perform the work from Arizona and communicated with him there throughout the engagement. (Resp. at 7–8.)

Whether a court may exercise specific jurisdiction in a given case turns on the extent of the defendant's contact with the forum and the degree to which the plaintiff's suit is related to the defendant's contacts. *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006). The Ninth Circuit uses the following approach to determine whether a court may exercise specific jurisdiction over a nonresident defendant: (1) the nonresident defendant must do some act in or consummate some transaction with the forum, or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Data Disc*, 557 F.2d at 1287.

The plaintiff bears the burden of establishing the first two requirements of the test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If the plaintiff establishes the first two requirements, the burden shifts to the defendant to establish that the third requirement is not met. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). All three requirements must be met for the exercise of jurisdiction to comport with principles of due process. *Omeluk*, 52 F.3d at 270.

To meet the first element—that the defendant purposefully directed activities at the forum state—the plaintiff must show the defendant "either (1) 'purposefully availed' himself of the privilege of conducting activities in the forum, or (2) 'purposefully directed' his activities towards the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (quoting *Schwarzenegger*, 374 F.3d at 802). The purposeful availment analysis is most commonly applied in suits arising from contract. *Schwarzenegger*, 374 F.3d at 802. Because this case involves claims arising from an alleged oral consulting agreement between the parties, purposeful availment is the appropriate analytical framework. *Id.*

A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically involves evidence of the defendant's actions in the forum, such as executing or performing a contract there. By taking such actions, a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). In return for these "benefits and protections," a defendant must—as a *quid pro quo*— "submit to the burdens of litigation in that forum." *Burger King v. Rudzewicz*, 471 U.S. 462, 476 (1985).

In support of his arguments, Plaintiff cites *Planning Group of Scottsdale, LLC v. Lake Mathews Mineral Properties, Ltd.*, 246 P.3d 343 (Ariz. 2011). (*See* Resp. at 6–8.) But Plaintiff fails to recognize the crucial distinctions between that case and the present circumstances. In *Planning Group*, the Supreme Court of Arizona rejected the Ninth Circuit's bifurcated purposeful availment–purposeful direction framework that is binding upon this Court. *Plan. Grp. of Scottsdale*, 246 P.3d at 348. Although the court determined that the defendants' contacts amounted to both purposeful direction and purposeful availment, *id.* at 351, the factual scenario in that case was substantially different from the one before this Court. There, the defendants directed extensive communications to Arizona residents through phone calls, emails, faxes, and letters specifically aimed at persuading Arizona investors to provide funds for the defendants' California mining project. *Id.* at 349.

1  The defendants knew they were dealing with Arizona residents and deliberately targeted them to obtain investment capital from Arizona. *Id.*

In contrast, the record demonstrates that BE's made only minimal affirmative contacts with a person who happened to be located in Arizona—two emails and a phone call. (Compl. at 2; Reply Ex. 3.) Moreover, according to the uncontroverted Eggener Declaration, BE's was unaware that Plaintiff even resided in Arizona during these interactions, particularly because Plaintiff's phone number displayed a California area code. (Compl. at 1; Eggener Decl. at 3.) Furthermore, unlike in *Planning Group*, where the defendants actively sought funds from Arizona investors that formed the basis for that court's finding of purposeful availment, the subject matter of the alleged consulting agreement here concerned the acquisition of one Wisconsin company by another Wisconsin company. (Mot. at 7.) The agreement had no substantive connection to Arizona beyond the mere coincidence of Plaintiff's residence.

Accordingly, Plaintiff has failed to establish that Defendant purposefully availed itself of the privilege of conducting activities in Arizona. The United States Supreme Court has made clear that "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Rather, courts must look to "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* This case presents precisely the situation *Walden* cautions against. The relevant transaction was centered in Wisconsin, and Plaintiff's unilateral decision to perform services from Arizona cannot create the necessary minimum contacts for personal jurisdiction. *See Burger King*, 471 U.S. at 478 ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot." (emphasis in original)).

Furthermore, even if Plaintiff could satisfy the first prong of the Ninth Circuit's specific jurisdiction test, the claims do not arise out of or relate to any forum-related activities by BE's. The alleged breach—failure to pay the agreed commission—occurred

in Wisconsin, not Arizona. The fact that Plaintiff felt the economic impact of this alleged breach in Arizona is insufficient to establish specific jurisdiction. *See Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015) (noting that where the plaintiff's alleged injury would follow him "wherever he might choose to live or travel," the effects are "not connected to the forum State in a way that makes those effects a proper basis for jurisdiction" (citation and internal quotation marks omitted)).

Thus, Plaintiff has failed to meet his burden to demonstrate that the Court has personal jurisdiction over Defendant. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013) ("If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." (quoting *Omeluk*, 52 F.3d at 270 (9th Cir.1995))). As such, the Court declines to address the other basis for dismissal in Defendant's Motion.

### C.   Venue

As an alternative to dismissal, Defendant asks to transfer this case to the Eastern District of Wisconsin. (Mot. at 1, 8.) Because the Court lacks personal jurisdiction over Defendant but this case could have been brought in the Eastern District of Wisconsin, the Court will transfer this case to the Eastern District of Wisconsin in the interests of justice pursuant to 28 U.S.C. § 1406(a).

### D.   Leave to Amend

As an alternative to dismissal, Plaintiff requests leave to amend his Complaint to add factual allegations in support of this Court's personal jurisdiction over Defendant. (Resp. at 6.) Here, amendment would be futile because Plaintiff already had the opportunity to provide additional factual support for his jurisdictional claims in his Response brief—as was his burden—and failed to do so. At this point, the Court must presume that the relevant facts and evidence necessary to determine personal jurisdiction are already before it, and Plaintiff has not identified any new material facts that would change the Court's analysis.

In short, the fundamental basis for the Court's ruling—a lack of sufficient contacts between Defendant and Arizona—is not a defect that can be remedied through additional

1  pleading. The jurisdictional analysis hinges on Defendant's actual business activities and
2  connections to Arizona, not merely Plaintiff's preference to litigate in this forum. Because
3  Plaintiff has failed to show that Defendant is subject to personal jurisdiction in Arizona,
4  any amendment attempting to revive jurisdiction would be futile. Accordingly, the Court
5  will deny Plaintiff's request for leave to amend.

6        **IT IS THEREFORE ORDERED** granting Defendant BE's Refreshments' Motion
7  to Dismiss and Alternatively Motion to Transfer Venue (Doc. 7).

8        **IT IS FURTHER ORDERED** directing the Clerk of Court to transfer this case to
9  the United States District Court for the Eastern District of Wisconsin as soon as practicable
10  and close this matter.

11        Dated this 4th day of March, 2025.

                                      Honorable John J. Tuchi
                                      United States District Judge